IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv524
[3:10cr84]

| | |
|---|---|
| CHEVON TRAVELL BENNETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the court on petitioner's Motion to Vacate, Set Aside or Correct Sentence ( 28 U.S.C. § 2255) (#1) as well as the petitioner's Motion to Reduce Sentence Under Crack II (Dorsey) (#59), which has been filed in the underlying criminal proceeding, United States v. Bennett, 3:10cr 84, under 18 U.S.C. § 3582. As the issues are inextricably intertwined, the court will consolidate these motions for resolution at a hearing for the reasons discussed *infra*.

### FINDINGS AND CONCLUSIONS

Petitioner was sentenced by the undersigned on June 7, 2011, to 60 months imprisonment on Count One (possession with intent to distribute cocaine and cocaine base) and to 46 months imprisonment on Count Three (being a felon in possession of a firearm), with such terms of imprisonment to be served concurrently.[1] Petitioner did not appeal. Subsequent to entry of that Judgment, three significant legal events occurred.

First, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*) issued August 17, 2011, wherein the Court of Appeals for the Fourth Circuit revisited and reconsidered its earlier holding that, in the context of applying an enhancement under the Armed Career

---

[1] Petitioner was acquitted on Count Two.

Criminal Act (ACCA), a conviction was for "a crime punishable by imprisonment exceeding one year if any defendant charged with that crime could receive a sentence of more than one year." United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (internal quotation and citation omitted). In light of the intervening decision of the Supreme Court in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), the Simmons court held that under North Carolina's *Structured Sentencing Act*, a defendant is convicted of a crime "punishable" by more than a year only if some offender possessing the same prior record level and convicted of similar aggravating factors could have received a sentence exceeding one year. Simmons, Slip Op., at 14-19. Further, the Simmons court held that federal courts must make that determination based on facts contained in the offender's "state record of conviction." Id., at 27. By examining the defendant's state record, the appellate court determined that it contained no findings exposing Simmons to the elevated state sentence necessary to trigger enhancement under the ACCA. Id. Such decision is significant to petitioner because he contends in his § 2255 petition that he is actually innocent as to Count Three under Simmons.[2]

Second, the *Fair Sentencing Act of 2010* (hereinafter "FSA")*,* which amended provisions of 21 U.S.C. § 841(b) by increasing the amount of crack cocaine required to trigger mandatory minimum sentences, was made retroactive under Amendment 750 of the advisory *Sentencing Guidelines*, effective November 1, 2011. However, "a defendant is ineligible for a reduced sentence if 'the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.'" United States v. Munn, 595 F.3d 183, 187 (4th Cir.2010) (quoting U.S.S.G. § 1B1.10 cmt. n. 1

---

[2] In its September 26, 2012, Motion to Dismiss (#3), the government does not address the merits of petitioner's claim of actual innocence, but instead argues exclusively for dismissal based on the untimeliness of the petition as no § 2255(f) exception purportedly applies.

(2008)). For instance, a sentence based on a statutory mandatory minimum is not "based on" a sentencing range lowered by amendments to the Sentencing Guidelines and is therefore ineligible for reduction pursuant to 18 U.S.C. § 3582(c)(2). United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009). As to Count One, the court imposed a sentence of 60 months under U.S.S.G § 5G1.1 (b) inasmuch as the statutory minimum sentence of five years under 21 U.S.C. § 841(b)(1)(B) was greater than the advisory guideline range that was determined at the sentencing hearing.

Third, the Supreme Court held June 21, 2012, that the FSA's new, lower mandatory minimums apply in the post-Act sentencing of pre-Act criminal conduct. Dorsey v. United States, 132 S.Ct. 2321, 2335–36 (2012). Review of the indictment in this matter reveals that the conduct underlying Count One occurred April 17, 2009, and that defendant was sentenced June 7, 2011. The United States Probation Office has prepared a Supplement to the Presentence Report based on Dorsey, which indicates that application of the FSA to Count One would remove the mandatory minimum sentence of five years, and result in an advisory guideline range of imprisonment of 46-57 months. Defendant has filed a motion consistent with that recommendation in the criminal case and the time for the government to respond has not yet run.[3] See L.Cr.R. 47.1(E).

\* \* \*

With that background, the court has consolidated the civil § 2255 motion and the criminal § 3582 motion for hearing on December 19, 2012, at 1 p.m. inasmuch as review of

---

[3] While the motion was filed in the criminal case and L.Cr.R. 47.1(E) would direct a seven-day deadline for response, the court has determined that the issues raised are more akin to a complex civil motion for post-judgment relief, and has allowed a 14 day response period, as provided in L.Cv.R. 7.1 to civil motions, thereby effectuating the "otherwise directed by the Court" provision of L.Cr.R. 47.1(E). Such additional time is allowed by separate Order filing in the criminal action.

the Supplemental Presentence Report reveals that if Dorsey is applied to Count One, the advisory guidelines range for that offense would be 46-57 months, the bottom of which is, coincidentally, the same sentence petitioner received for Count Three, 46 months. The report also reflects that by the hearing date petitioner will have built approximately 37 months of BOP credited time, which is roughly 80% of a 46 month sentence.

Consolidating these matters for hearing is also advantageous to the efficient court administration as application of Dorsey may make deciding the more difficult Simmons less pressing. While the Simmons threshold issue of timeliness (absent waiver) is more difficult and may well be evolving, the Dorsey issue is more pressing. If Dorsey applies and the court were to sentence at the bottom of the projected advisory guidelines range, petitioner's sentence for Counts One and Three would be identical, likely making defendant eligible for release in the near future.

Notice is hereby given that if the court decides Dorsey is applicable, it will resentence petitioner at the conclusion of such hearing. Any objections to the Supplemental Presentence Report should be filed well in advance of that hearing so that they may be addressed by the USPO as well as the court in an orderly fashion. Finally, in the event of a resentencing, the principles, if not the decision, of the United States Supreme Court in Pepper v. United States, 131 S.Ct. 1229 (2011)[4] may well be applicable.

With such motions calendared for hearing well in advance, the court encourages respective counsel to discuss possible resolutions to these complex issues.

---

[4] The court notes that the language used by the Court in Peppers may suggest it is *only* applicable to cases on remand for resentencing after appeal. The court does not initially read Pepper so narrowly, as courts routinely consider presentencing rehabilitative efforts (usually in the form of certificates from programs completed while awaiting sentencing in a local jail). When faced with a potential resentencing, this court will consider under § 3553, as suggested by Pepper, what a defendant has done with his or her time while incarcerated, be it good or bad. A defendant's prospects for future rehabilitation are not relevant.

−4−

While not an evidentiary hearing, the court finds petitioner's presence necessary and will direct the Bureau of Prisons and the United States Marshal to make defendant available for such hearing. Petitioner should be in the district not later than December 14, 2012, so that counsel may have an adequate opportunity to consult with petitioner.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Vacate, Set Aside or Correct Sentence ( 28 U.S.C. § 2255) (#1) in this matter and Motion to Reduce Sentence Under Crack II (Dorsey) (#59) in 3:10cr84 are **CALENDARED** for hearing on December 19, 2012, at 1 p.m.

**IT IS FURTHER ORDERED** that the Bureau of Prisons and the United States Marshal transport defendant **CHEVON TRAVELL BENNETT** to Charlotte, North Carolina, for such hearing on December 19, 2012. Petitioner shall be in the district not later than December 14, 2012, so that counsel will have an adequate opportunity to consult with petitioner prior to the hearing.

The Clerk of Court shall send a courtesy copy of this Order to USPO Officer Morgan and USPO Deputy Chief Ervin, who are requested to be present for such hearing. The Clerk of Court shall file this Order in both the civil and criminal actions.

Signed: November 19, 2012

Max O. Cogburn Jr.
United States District Judge